IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OTIS D. HARRIS
        **Plaintiff,**

vs.                                                            Civ. No. 01-117 MCA/WWD

**JO ANNE B. BARNHART[1],**
**Commissioner of Social Security,**
        **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed September 24, 2001**[Doc. 8]**. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for social security disability insurance benefits ("SSD") and supplemental security benefits ("SSI"). Plaintiff alleges a disability which commenced April 3, 1992 due to a chronic skin condition.

      2. Plaintiff first applied for benefits on November 30, 1993. Tr. at 25, 28. After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") issued a decision on June 9, 1995 denying Plaintiff's applications. Tr. at 20. This decision was ultimately remanded for a rehearing in accordance with the Magistrate Judge's Analysis and Recommended Disposition filed on August 21, 1997 ("RD"). Tr. at 186, 187. Following a second hearing on March 9, 1999, the ALJ issued a decision on March 24, 1999, which again denied Plaintiff's applications. Tr. at 174. The ALJ concluded that Plaintiff was not disabled

---

[1] Jo Anne B. Barnhart was appointed Commissioner of Social Security as of November 9, 2001. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Jo Anne B. Barnhart should be substituted as defendant for Acting Commissioner Larry G. Massanari. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

because he retained the residual functional capacity ("RFC") to perform the wide range of sedentary work and other work existed that Plaintiff could perform, given his RFC, age, education and work experience. Id. The Appeals Council declined Mr. Harris' request for review, thus rendering the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. Plaintiff is currently age 35, has completed high school and has received some training as a security guard. [2] He has worked in the past as a cook, laborer, car wash attendant and electronics assembler. Tr. at 62.

4. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

6. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) The ALJ applied an erroneous standard of law at step three when he determined that Plaintiff's skin condition did not meet or equal any listed impairment, and 2) The ALJ failed to carry his burden of proof at step five in that he failed to establish Plaintiff's RFC with substantial evidence and failed to provide proper hypotheticals to the vocational expert.

7. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which

---

[2] Plaintiff has variously indicated that his security guard training lasted six weeks or six months. Tr. at 62, 249-50, 254-55. Plaintiff has similarly indicated that he worked as a security guard for two months in 1985, tr. at 112, and/or for two weeks in 1990, tr. at 250.

prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

8. At the first four levels of the evaluation, the claimant must show: (1) that he or she is not working; (2) that he or she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he or she is unable to perform work done in the past. At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity ("RFC") to do work in the national economy other than past relevant work. Thompson, 987 F.2d at 1487 (citations omitted). Here, Plaintiff alleges that the ALJ erred at steps three and five of the sequential evaluation.

9. Plaintiff has a genetic skin condition called familial keratoderma. Tr. at 82, 214. In Mr. Harris' case, this condition is manifested by "thickened stratum corneum over both palms . . . with some hyperkeratotic papules on the palm surface of several fingers . . . . [and] . . . thick hyperkeratotic stratum corneum on the bottom of both feet." Id. Plaintiff also has "significant facial papulocystic acne . . . . [and] comedonal-like hyperkeratotic papules on the central chest and extending down both lower legs." Id.

10. Plaintiff describes the lesions on his hands and feet as "oversized calluses." Tr. at 237. Plaintiff states that it is painful when pressure is applied to the calluses, tr. at 132, 134, and

that due to this condition he "can't stand and [] probably can't pick up anything over ten pounds. The pain is unbearable," tr. at 237. Plaintiff testified that cold weather and water cause his lesions to "crack." Tr. at 137, 141. Plaintiff does not take medication for his condition, but does use cream to soften the lesions. Tr. at 214, 244. Consultative examiner, Alan Blaugrund, M.D., has concluded that there is no cure for Plaintiff's condition. Tr. at 214.

> *Issue I:*     *Determination of whether Plaintiff's skin condition meets or equals a listed impairment*

11. A claimant who seeks to show that his impairment is "equivalent" to a listed impairment must present medical findings equal to all the criteria for that impairment. Sullivan v. Zebley, 493 U.S. 521, 531 (1990). "For cases at the Administrative Law Judge . . . level, the responsibility for deciding medical equivalence rests with the Administrative Law Judge." 20 C.F.R. § 416.926(d) (1997). In order to meet or equal listing 8.05, Plaintiff's skin condition must involve "extensive lesions, including involvement of the hands or feet[3] which impose a marked limitation of function and which are not responding to prescribed treatment." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 8.05 (emphasis added). It is Plaintiff's burden to show that he meets these criteria. See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir.1993).

12. Plaintiff alleges that the ALJ "failed to provide his analysis" of whether Mr. Harris met or equaled a listed impairment. Plaintiff correctly points out that the ALJ must analyze whether Plaintiff's condition meets or equals a listed impairment and provide an explanation for a conclusion that the condition is not equivalent to a listing. See Roberts v. Callahan, 971 F.Supp. 498, 501 (D.N.M. 1997) (finding error where the ALJ "merely concluded without discussion"

---

[3]     The ALJ determined that Plaintiff's condition meets this prong of the listing.

that plaintiff's condition did not equal a listed impairment).

13. Here, the ALJ concluded that Plaintiff's skin condition did not meet or equal listed impairment 8.05 and apparently based this conclusion on the following findings: 1) Dr. Blaugrund's medical evidence did not indicate a marked limitation of function, and 2) Plaintiff is not receiving medical treatment. Tr. at 167.

14. The ALJ could have provided a more detailed explanation of his reasoning. However, in referencing Dr. Blaugrund's report, it is clear that the ALJ was relying on the results of Dr. Blaugrund's examination, including his medical source statements, to find that Plaintiff's condition did not impose a marked limitation on function.

15. On the one hand, Dr. Blaugrund, as well as other physicians, indicated that Plaintiff's skin condition imposes various functional limitations and environmental restrictions. For example, Dr. Blaugrund opined that Plaintiff's condition "makes it very difficult for Mr. Harris to do a significant amount of standing, walking or gripping." Tr. at 214. Plaintiff can never balance due to his "thickened soles." Tr. at 216. Plaintiff's condition also affects handling, feeling and pushing/pulling because his "thickened hands make it hard [for him] to have normal use of feeling and strength." Tr. at 217. Environmental restrictions include heights, moving machinery, temperature extremes, chemicals, dust and humidity. Id. On the other hand, Dr. Blaugrund finds that Plaintiff's ability to sit, reach, see, hear and speak is not affected by his impairment. Tr. at 216, 217. Plaintiff can stand and/or walk for half an hour without interruption and for two to three hours out of an eight hour workday. Tr. at 216. Plaintiff can frequently crouch, kneel and crawl and can occasionally climb and stoop. Id. Plaintiff is not restricted with regard to noise, fumes or vibration. Tr. at 217.

16.     At the hearing held on March 9, 1999, Plaintiff's representative and the ALJ discussed the listings. During this exchange the ALJ noted "there is no indication . . . by Dr. [Blaugrund] . . . that [Mr. Harris] is precluded from all types of activities and . . . the testimony that [Mr. Harris] gave us this morning indicates that he does engage in many different activities." Tr. at 258.[4] In this case, I find the question of whether substantial evidence supports the ALJ's conclusion that Plaintiff's condition does not impose a marked limitation to be a close one. However, in the course of review, I am mindful that the Court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991). Accordingly, I find that the record provides substantial evidence to support the ALJ's finding that Plaintiff's condition does not impose a marked limitation of function.

17.     Plaintiff also alleges that the ALJ erred when he "applied the facts that Mr. Harris does not receive medical treatment or medication for his condition, to reach a conclusion that this skin condition does not affect Mr. Harris at a marked level." Pl.'s Mem. in Supp. of Mot. to Reverse, and Remand for a Rehearing ("Pl.'s Mem.") [Doc.9] at 5, 6.[5] Plaintiff correctly points out that it would be improper for the ALJ to use Plaintiff's lack of medical treatment as a basis for

---

[4]     Among other things, Plaintiff testified that he does not use a cane or crutches, tr. at 240, shops for groceries, tr. at 241, bathes, dresses, shaves and feeds himself, tr. at 241, 243, and can go up and down stairs, tr. at 243.

[5]     In support of this allegation, Plaintiff points to the ALJ's opinion that, "[a]dopting Dr. Blaugrund's findings, claimant's pain is moderate and alleviated with medication and activity limited to sedentary work," tr. at 171, in addition to the ALJ's statement that "[c]laimant . . . is not receiving medical treatment," tr. at 167.

finding that Mr. Harris' condition does not impose a marked limitation of function.[6] However, because I find that substantial evidence justifies the ALJ's conclusion without considering whether Plaintiff was receiving medical care, I need not address this issue.[7]

*Issue II:    Whether the ALJ Met his Burden of Proof at Step Five of the Sequential Evaluation*

18.    Plaintiff alleges that the ALJ failed to carry his burden of proof because he did not establish Plaintiff's RFC with substantial evidence and he did not present the vocational expert ("VE") with hypotheticals based on substantial evidence. Pl.'s Mem. at 9. Specifically, Plaintiff contends that Dr. Blaugrund's conclusions regarding Plaintiff's limitations were "unclear" and that the ALJ improperly interpreted the physician's report rather than seeking further clarification. Id. at 9-10.

19.    Defendant correctly points out that the RFC is initially carried out at step four in the sequential evaluation when Plaintiff still bears the burden of proof. Def.'s Resp. to Pl.'s Mot. [Doc. 10] at 8. However, at step five it is not the Plaintiff's burden to prove that he cannot work at a lower level than his past relevant work; it is the agency's burden to prove that he can. See Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir.1993).

20.    "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a

---

[6]    I agree with the conclusion expressed in the Magistrate Judge's RD that "substantial evidence does not support the ALJ's opinion that treatment would alleviate Plaintiff's limitations." Tr. at 194.

[7]    Similarly, because Plaintiff fails to meet the "marked limitation" prong of the listing, I need not consider whether his condition "is not responding to prescribed treatment." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 8.05.

sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 CFR § 404.1567(a)

21.     The ALJ stated that he adopted the findings of Dr. Blaugrund and found that Plaintiff was capable of the wide range of sedentary work.  However, while Dr. Blaugrund indicated the Plaintiff was capable of occasionally lifting and/or carrying less than ten pounds, Plaintiff testified that he was able to lift ten pounds. <u>Tr. at 242</u>.  Thus, taken together, Dr. Blaugrund's report and Plaintiff's testimony supports the ALJ's conclusion that Plaintiff is capable of the exertional requirements of sedentary work.

22.     Plaintiff also alleges that the ALJ did not present proper hypotheticals to the vocational expert. "Typically, inquiries to a VE must include all limitations supported by the evidence." <u>Poor v. Chater</u>, 76 F.3d 393 (Table) C.A.10 (Okla.),1996 at **3 (citing <u>Evans v. Chater</u>, 55 F.3d 530, 532 (10th Cir.1995)).  Moreover, hypothetical questions to a [VE] must relate all of the Plaintiff's impairments with precision. <u>See</u> <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1492 (10th Cir. 1991).

23.     As Plaintiff maintains, the record reflects considerable evidence that his manual dexterity is impaired.  "Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity." SSR 96-9p, 1996 WL 374185, at *8.  Moreover, "loss of fine manual dexterity narrows the sedentary and light ranges of work much more than . . . [other] ranges of work." SSR 85-15. Thus, Plaintiff's manipulative impairments matter greatly in this claim.

24.     At the hearing held on March 9, 1999, the VE specifically asked for clarification

8

regarding Plaintiff's ability to grip.  Tr. at 251-52.  The ALJ replied: "Well, about the only verification I have is what [Dr. Blaugrund's report] provides.  It indicates there are some problems with handling, feeling, pushing and pulling . . . . [and that it would be] difficult to do a significant amount of . . . gripping.  I suppose some gripping, but not a significant amount."  Tr. at 252.  The ALJ then directed the VE to "include occasional gripping" as part of a hypothetical.  Id.  However, Dr. Blaugrund did not specifically discuss the manner or extent of Plaintiff's gripping difficulty.  Further, although Dr. Blaugrund indicated that Plaintiff's abilities to handle, feel, and push/pull are affected by his impairment, he neglected to describe how these abilities are affected.[8]  Dr. Blaugrund similarly indicated that Plaintiff's impairment imposes several environmental restrictions without describing how these restrictions affect Plaintiff's abilities.  Tr. at 217.

25. Because the ALJ relied on Dr. Blaugrund's opinion, he must relate the limitations found by Dr. Blaugrund in hypotheticals posed to the VE.  However, Dr. Blaugrund failed to describe how several important limitations affect Plaintiff's abilities. Rather than seek clarification regarding these limitations, the ALJ proceeded to present hypotheticals to the VE and determine Plaintiff's ability to perform other work without full knowledge of Plaintiff's limitations.

26. In relying on incomplete information regarding Plaintiff's limitations, the ALJ "effectively shift[ed] the burden back to the claimant" to prove that he could not perform other work.  Ricketts v. Apfel, 16 F.Supp.2d 1280 D.Colo.,1998.  Under some other circumstances, this

---

[8] In response to the question "How are these physical functions [handling, feeling, pushing/pulling] affected?", Dr. Blaugrund stated that "the thickened hands make it hard to have normal use of feeling and strength in hands."  Tr. at 217.  While this response may describe a finding that supports Dr. Blaugrund's opinion that the functions are affected, it does not describe how these functions are affected.

9

oversight might constitute a minor error and would not affect an overall determination of the claimant's ability to perform other work. However, in light of the impact that manual dexterity limitations may have on the wide range of sedentary work, it is of particular importance that hypotheticals regarding Mr. Harris' limitations be complete and accurately presented.

## Recommended Findings and Disposition

27. Based on the foregoing, I find that substantial evidence supports the ALJ's conclusion that Plaintiff's skin condition does not impose a marked limitation of function; thus, the ALJ did not err in concluding that Plaintiff's condition does not meet or equal listing 8.05. I recommend that his determination on this issue be **affirmed**.

28. I also find that the ALJ's determination that Plaintiff is physically capable of performing work within the wide range of sedentary work is supported by substantial evidence and recommend that his decision on this issue be **affirmed**.

29. Finally, I find that the ALJ failed to meet his burden at step five of the sequential evaluation in that he did not provide complete and accurate hypotheticals regarding Plaintiff's manual dexterity limitations and environmental restrictions. This error potentially affects the testimony of the vocational expert and the ALJ's conclusions regarding the limits on Mr. Harris' ability to do sedentary work. Accordingly, I recommend that Plaintiff's Motion be granted and that this matter be **reversed** and **remanded** to the Commissioner for additional proceedings to include:

    A.  Clarification of Plaintiff's limitations regarding his manual dexterity and

environmental restrictions.[9]

      B.      Presentation of appropriate hypotheticals to a vocational expert, taking into consideration the clarification obtained regarding Plaintiff's limitations.

      C.      Reassessment of Plaintiff's ability to perform other work in light of the additional information obtained above.

Timely objections to the foregoing proposed findings and recommended disposition may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE

---

[9] Plaintiff would like the agency to request that Dr. Blaugrund provide testimony at a hearing. However, the agency need not do so if it is able to otherwise obtain the necessary clarification.